UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BERELETTE TRIBBETT,<br><br>                                    Plaintiff,<br><br>              -against-<br><br>CAPITAL ONE FINANCIAL CORPORATION; PENTAGON FEDERAL CREDIT UNION; WELLS FARGO BANK, N.A.; DISCOVER BANK; CITIBANK N.A.; AMERICAN EXPRESS NATIONAL BANK; TRANS UNION LLC a/k/a TRANSUNION; EXPERIAN INFORMATION SOLUTIONS, INC.; and EQUIFAX INFORMATION SERVICES LLC,<br><br>                                    Defendants. | Civil Action<br>Case No.: 1:25-cv-01472<br><br><br>**COMPLAINT** |

Berelette Tribbett ("Plaintiff"), by and through her attorneys, Petroff Amshen LLP, as and for her complaint against the defendants named herein (collectively, "Defendants"), hereby alleges the following upon personal knowledge, review of public record, and/or otherwise upon information and belief:

1.    Plaintiff brings this action for damages arising under the Fair Credit Reporting Act ("FCRA") (15 U.S.C. § 1681, *et seq*.), and the Fair Debt Collection Practices Act ("FDCPA") (15 U.S.C. § 1692, et seq.), resulting from Defendants' numerous, willful, and ongoing violations of the foregoing federal consumer protection laws.

2.    Plaintiff is an elderly woman who was unfairly taken advantage of because of her age and vulnerability on financial matters. Born in 1937, she has worked hard for over 70 years to provide for herself and her family, and she has ensured that her credit score reflects her efforts.

3.      Unbeknownst to Plaintiff, an identity thief stole her personal information and used this information to gain access to Plaintiff's finances, opening multiple cards, loans and credits in her name, and making hundreds of fraudulent purchases totaling nearly $174,000.00.

4.      Unfortunately, despite Plaintiff's lifelong dedication to her work, the theft of her identity suddenly plunged her into a precarious financial situation, subjecting her and her family to severe stress and hardship. This injustice compounded the systemic barriers she already faced as an elderly African-American woman, further restricting her access to fair credit opportunities and financial stability

5.      The actions Plaintiff was subjected to not only violate the principles of fairness and transparency outlined in the ECOA. Elderly individuals, particularly those from historically marginalized communities, often face heightened financial vulnerability due to systemic inequities in the credit and lending industries. Predatory lending practices and negligent financial institutions exploit these vulnerabilities, creating additional barriers to financial stability.

6.      Despite meticulously building a credit history devoid of a single missed or late payment on any account, Plaintiff's credit has now been severely damaged as a result of the theft and inaccurate credit reporting associated with these fraudulent accounts and transactions.

7.      After JASA, a nonprofit organization that provides comprehensive services to older adults in New York, helped Plaintiff discover and understand that her identity was stolen, she took immediate action to report the fraud and restore her good credit.

8.      Although Plaintiff repeatedly disputed the fraudulent transactions and inaccurate credit reporting, the Defendants refused to undertake any investigation of her claims, and continued reporting misinformation.

9.      Defendants' (i) failure to maintain accurate records and report accurate information regarding Plaintiff's account, (ii) repeated refusal to properly investigate and correct errors in response to Plaintiff's multiple verbal and written disputes, and (iii) continued collection activities despite these ongoing failures and unlawful actions, have caused significant damage to Plaintiff's finances, credit, and overall mental and physical state.

## **PARTIES**

10.     Plaintiff is an individual and resident of the State of New York, County of Queens, residing at 110-30 216th Street Queens Village, New York 11429.

11.     Defendant Capital One Financial Corporation ("Capital One") is a corporation organized under the laws of the State of Delaware, with its principal place of business at 1680 Capital One Drive, McLean, Virginia 22102.

12.     Defendant Pentagon Federal Credit Union ("Pentagon") is a federally chartered credit union organized and existing under the laws of the United States of America, with its principal place of business at 2930 Eisenhower Avenue, Alexandria, Virginia 22314.

13.     Defendant Wells Fargo Bank, N.A. ("Wells Fargo") is a national banking association organized and existing under the laws of the United States of America, with its principal place of business at 420 Montgomery Street, San Francisco, California 94104.

14.     Defendant Discover Bank ("Discover") is a national banking association organized and existing under the laws of the United States of America, with its principal place of business at 2500 Lake Cook Road, Riverwoods, Illinois 60015.

15.     Defendant Citibank, N.A. ("Citibank") is a national banking association organized and existing under the laws of the United States of America, with its principal place of business at 5800 South Corporate Place, Sioux Falls, South Dakota 57108.

16.     Defendant American Express National Bank ("American Express")[1] is a multinational financial services corporation organized and existing under the laws of the United States of America, with its principal place of business at 200 Vesey Street, New York, New York 10285.

17.     Defendant Trans Union LLC a/k/a Transunion is a limited liability company organized under the laws of the State of Delaware, with its principal place of business at 555 West Adams Street, Chicago, Illinois 60661. The company is also known as "TransUnion" and shall be referred to as such herein. TransUnion is one of the three national CRAs recognized by the FTC.

18.     Defendant Experian Information Solutions, Inc. ("Experian") is a corporation organized under the laws of the State of Ohio, with its principal place of business at 475 Anton Boulevard, Costa Mesa, California 92626. Experian is a wholly owned subsidiary of Experian Holdings, Inc. Experian is one of the three national Credit Reporting Agencies ("CRAs") recognized by the FTC.

19.     Defendant Equifax Information Services LLC ("Equifax") is a limited liability company organized under the laws of the State of Georgia, with its principal place of business at 1550 Peachtree Street NW, Atlanta, Georgia 30309. Equifax is a wholly owned subsidiary of Equifax Inc. Equifax is one of the three national CRAs recognized by the FTC.[2]

## **JURISDICTION**

20.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff's claims substantially arise under federal law.

---

[1] CapitalOne, Pentagon, Wells Fargo, Discover, Citibank, and American Express shall be referred collectively herein as "Furnishers Defendants".

[2] Transunion, Experian and Equifax shall be referred collectively herein as "Defendant CRAs".

21.     Venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events giving rise to Plaintiff's claims occurred in this district, and Plaintiff resides in this district.

## STATEMENT OF FACTS

22.     Plaintiff is an 87-year-old woman residing in Queens Village, New York. As a senior citizen African American, Plaintiff falls within two protected classes that are particularly susceptible to financial exploitation and identity theft.

23.      Plaintiff became a victim of identity theft, which has significantly harmed her financial stability and well-being, after being deceived to relinquish her personal information.

24.     In 2016, an individual named Mark, the grandson of a friend of Plaintiff, offered to assist with organizing finances and obtaining a loan for her. Over the course of a year, this individual persistently requested Plaintiff's personal identifying information. At the time, Plaintiff trusted this individual and was unaware of any misuse of their identity.

25.     While Plaintiff thought this individual would help her, multiple fraudulent accounts have been reported on Plaintiff's credit file, none of which were opened, authorized, or benefited Plaintiff. These accounts have severely damaged Plaintiff's creditworthiness and caused undue hardship, making it difficult to manage financial affairs.

26.     In 2017, JASA, a non-profit organization assisting seniors, informed Plaintiff that several credit cards and accounts (the "Fraudulent Accounts") had been fraudulently opened in her name. Plaintiff had no prior knowledge of these accounts and never authorized them.

27.     Upon discovery, Plaintiff contacted the creditors associated with these Fraudulent Accounts.

28.     A Discover loan had been fraudulently opened in 2017, linked to phone numbers ending in 7010, 7335, and 3488—none of which belong to Plaintiff. The Discover loan was connected to another bank, Commerce National Bank & Trust, under an account ending in 3910, which is not associated with Plaintiff.

29.     Similarly, credit card accounts with Pentagon and Wells Fargo were fraudulently linked to a phone number (407) 702-7335, which is believed to belong to Mark. This number does not belong to Plaintiff and was used to fraudulently obtain credit in her name.

30.     The Fraudulent Accounts appearing on Plaintiff's credit report are as follows:

A.     CAPITAL ONE | Opened: 03/24/2016 | $14,991 | Acct #: 414709**, Shown on the three defendant CRA's.

B.     SECURITY CRED | Opened: 09/30/2020 | $66,733 | Acct #: 39396**, debt bought from PENTAGON   | Opened 03/17/2017 | Acct #: 43067900**, Shown on TransUnion

D.     WFBNA CARD | Opened 03/11/2019 | $6,307 | Acct #: 370034004251**, Shown on the three defendant CRA's

E.     DISCOVER PL | Opened: 02/09/2017 | $18,319 | Acct #: 50000229**, Shown on the three defendant CRA's

F.     CITI | Opened: 02/01/2018 | $37,612 | Acct #: 521876005397**, Shown on Experian and Equifax

G.     AMEX | Opened: 01/22/2019 | $14,892 | Acct #: 349992659500**, Shown on Experian and Equifax

H.     PENTAGON  | Opened: 07/13/2017 | $15,131 | Acct #: 3124968**, Shown on Experian.

31.     As an elderly woman, Plaintiff relies on financial stability for her essential needs. The Fraudulent Accounts and negative credit reporting have caused unnecessary stress, hardship, and emotional distress. Plaintiff promptly disputed these accounts with the Defendant CRAs, providing them with copies of personal identification, proof of address, and an identity theft report. Despite these submissions, the Defendant CRAs failed to conduct a reasonable investigation,

continued to report these Fraudulent Accounts, and refused to remove the false information from Plaintiff's credit file in violation of the FCRA.

32.     The Furnisher Defendants failed to properly investigate Plaintiff's disputes as required under the FCRA. Despite clear evidence of fraud, these entities continued to verify the Fraudulent Accounts as accurate, further damaging Plaintiff's credit profile.

33.     As a direct result of the actions and inactions of Defendants, Plaintiff has suffered financial hardship due to wrongfully attributed Fraudulent Accounts and negative credit reporting, in addition to severe emotional distress and mental anguish.

34.      Plaintiff has been denied credit and financial opportunities due to her impaired credit standing, despite legal protections designed to prevent financial abuse and exploitation of the protected classes she identifies as.

## VIOLATIONS OF THE FCRA
### (15 U.S.C. § 1681, et seq.)

35.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

36.     Plaintiff is a "consumer" as defined by the FCRA. *See* 15 U.S.C § 1681a(c).

37.     Capital One, Pentagon, Wells Fargo, Discover, Citibank, and American Express are "furnisher[s] of information to consumer reporting agencies, with a duty to fulfill the statutory responsibilities enumerated under 15 U.S.C § 1681s-2, including providing accurate information relating to consumers.

38.     Furnisher Defendants are each a "person" as defined by the FCRA. *See* 15 U.S.C. § 1681a(b).

39.     Subpart E of regulation V, the FCRA's implementing regulation, applies to furnishers of information, including Furnisher Defendants. *See* 12 C.F.R. §§ 1022.1, 1022.40.

40.    Each of the Defendant CRAs is a "consumer reporting agency" as defined by the FCRA. *See* 15 U.S.C. § 1681a(f).

41.    The Defendant CRAs individually qualify as a "consumer reporting agency that compiles and maintains files in consumers on a nationwide basis," as defined by the FCRA. *See* 15 U.S.C. §1681a(p).

### COUNT I
**Willful Reporting of Inaccurate Information to Consumer Reporting Agencies**
**(15 U.S.C. §§ 1681s-2, 1681n)**
***As To The Furnisher Defendants***

42.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

43.    The FCRA prohibits furnishers from reporting information to a CRA "with actual knowledge of errors" and "after notice and confirmation of errors." *See* 15 U.S.C. § 1681s-2(a)(1).

44.    Specifically, "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." *See* 15 U.S.C. § 1681s-2(a)(1)(A). "The term 'reasonable cause to believe that the information is inaccurate' means having specific knowledge, other than solely allegations by the consumer, that would cause a reasonable person to have substantial doubts about the accuracy of the information." 15 U.S.C. § 1681s-2(a)(1)(D).

45.    Regulation V provides that "[e]ach furnisher must establish and implement reasonable written policies and procedures regarding the accuracy and integrity of the information relating to consumers that it furnishes to a consumer reporting agency," and "review its policies and procedures required by this section periodically and update them as necessary to ensure their continued effectiveness." *See* 12 C.F.R. § 1022.42.

46.    Regulation V defines "accuracy" as:

[I]nformation that a furnisher provides to a consumer reporting agency about an account or other relationship with the consumer [that] correctly: (1) [r]eflects the terms of and liability for the account or other relationship; (2) [r]eflects the consumer's performance and other conduct with respect to the account or other relationship; and (3) [i]dentifies the appropriate consumer.

12 C.F.R. § 1022.41(a).

47.    Additionally, "[a] person shall not furnish information relating to a consumer to any consumer reporting agency if – (i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and (ii) the information is, in fact, inaccurate." *See* 15 U.S.C. § 1681s-2(a)(1)(B).

48.    "If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer." 15 U.S.C. § 1681s-2(a)(3).

49.    Upon receipt of notice of a dispute regarding the completeness or accuracy of information provided to a CRA under 15 U.S.C. § 1681i(a)(2), a furnisher of the disputed information must conduct a timely investigation and correct and discontinue any inaccurate reporting. *See* 15 U.S.C. § 1681s-2(b).

50.    A furnisher who receives an identity theft report from a consumer is also prohibited from furnishing information to a CRA that is the result of such identity theft. *See* 15 U.S.C. § 1681s-2(a)(6)(B).

51.    The Furnisher Defendants furnished information relating to Plaintiff knowing that information is inaccurate and the result of identity theft.

52.    Plaintiff disputed the Fraudulent Accounts directly to the Furnisher Defendants and included an FTC identity theft report with the Notice of Dispute.

53.    Upon information and belief, Furnisher Defendants received notice of Plaintiff's Notice of Dispute regarding the accuracy of information furnished to Defendant CRAs concerning the Fraudulent Accounts.

54.    Upon further information and belief, Furnisher Defendants also received the identity theft report Plaintiff filed with the FTC and included with the Notice of Dispute.

55.    Furnisher Defendants failed to review the information provided by Plaintiff in connection with the Notice of Dispute and failed to contact Plaintiff for any additional information.

56.    Furnisher Defendants also deliberately failed and refused to conduct a proper or timely investigation of Plaintiff's dispute, or to correct the disputed information.

57.    Furnisher Defendants reported inaccurate account information regarding Plaintiff's Fraudulent Accounts to Defendant CRAs, without notice that the information was disputed, which was then incorporated into Plaintiff's report issued by Defendant CRAs.

58.    The inaccurate information included: (i) attributing the debt and responsibility for the Fraudulent Accounts to Plaintiff; and (ii) misrepresenting the account balances by including the disputed Fraudulent Accounts, and the related improper late remarks.

59.    The Furnisher Defendants have continued inaccurately reporting information to the Defendant CRAs regarding Plaintiff's Fraudulent Accounts, including information resulting from the theft, in violation of 15 U.S.C § 1681s-2.

60.    The Furnisher Defendants' deliberate and ongoing furnishing of inaccurate and disputed information regarding Plaintiff's account has caused Plaintiff to suffer damages including loss and reduction of credit, damage to her credit rating, increased debt and financial burden resulting from improperly imposed Fraudulent Accounts, payment of attorneys' fees and other

costs to retain professionals to assist with credit recovery, emotional distress, and other actual damages.

61.     As a result of the Furnisher Defendants' willful conduct in violation of FCRA, Plaintiff has been damages and is entitled to damages pursuant to 15 U.S.C § 1681n, including: (i) actual damages, including but not limited to incurring attorneys' fees and costs; (ii) statutory damages; and (iii) punitive damages.

## COUNT II
### Negligent Reporting of Inaccurate Information to Consumer Reporting Agencies
### (15 U.S.C. §§ 1681s-2, 1681o)
### *As To The Furnisher Defendants*

62.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

63.     Upon information and belief, the Furnisher Defendants furnished inaccurate information regarding Plaintiff's Fraudulent Accounts to the Defendant CRAs, which was incorporated into Plaintiff's credit file and credit reports.

64.     As a party to the applicable account agreements, and compilers and furnishers of information concerning the Fraudulent Accounts, the Furnisher Defendants had a duty to ensure Plaintiff's account history and information was accurately recorded and maintained, and to ensure the accuracy of any such information furnished to the Defendant CRAs.

65.     The Furnisher Defendants were made aware of the Fraudulent Accounts by Plaintiff on January 7th, 2025.

66.     Upon information and belief, after receiving Plaintiff's Notice of Dispute regarding the identity theft and Fraudulent Accounts, Furnisher Defendants thereafter negligently failed and refused to conduct any required investigation or to correct the disputed information, and have continued inaccurately furnishing information to Defendant CRAs regarding the Fraudulent

Accounts, including falsely representing that the Fraudulent Accounts belong to Plaintiff, in violation of 15 U.S.C. § 1681s-2(a)(2) and 1681s-2(a)(8).

67.    Furnisher Defendants have further negligently persisted in reporting inaccurate information to Defendant CRAs without providing notice that Plaintiff has disputed such information, in violation of 15 U.S.C. § 1681s-2(3).

68.    Furnisher Defendants' negligent and ongoing furnishing of inaccurate and disputed information regarding Plaintiff's accounts have caused Plaintiff to suffer damages including loss and reduction of credit, damage to her credit rating, increased debt and financial burden resulting from improperly imposed Fraudulent Accounts, interest, and late charges, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery, emotional distress, and other actual damages.

69.    As a result of Furnisher Defendants' negligent conduct in violation of the FCRA, Plaintiff has been damaged and is entitled to damages pursuant to 15 U.S.C. § 1681o, including: (i) actual damages, including incurring attorneys' fees and costs; and (ii) statutory damages.

<u>COUNT III</u>
**Willful Failure to Block Information Resulting from Identity Theft**
**(15 U.S.C. §§ 1681c-2, 1681n)**
*As To The Defendant CRAs*

70.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

71.    The FCRA requires CRAs to block the reporting of information resulting from identity theft when notified by the consumer: [A] consumer reporting agency shall block the reporting of any information in the file of a consumer that the consumer identifies as information that resulted from an alleged identity theft, not later than 4 business days after the date of receipt by such agency of-- (1) appropriate proof of the identity of the consumer; (2) a copy of an identity

theft report; (3) the identification of such information by the consumer; and (4) a statement by the consumer that the information is not information relating to any transaction by the consumer. 15 U.S.C. § 1681c-2(a).

72.    The Defendant CRAs are further required to notify the furnisher of the following information: "(1) that the information may be a result of identity theft; (2) that an identity theft report has been filed; (3) that a block has been requested under this section; and (4) of the effective dates of the block." 15 U.S.C. § 1681c-2(b).

73.    If a CRA declines to block, or rescinds a block, of information resulting from identity theft, it must promptly notify the consumer "in the same manner as the consumers are notified of reinsertion of information under section 1681i(a)(5)(B) of this title." *See* 15 U.S.C. § 1681c-2(c).

74.    On January 7, 2025, Plaintiff mailed the Notice of Dispute to Defendants, via certified mail. *See* **Exhibit A**.

75.    The Notice of Dispute included all information and documentation required for an identity theft block under 15 U.S.C. § 1681c-2(a). *See* **Exhibit B**.

76.    Accordingly, within four (4) business days of the receipt of the Notice of Dispute, each of the Defendant CRAs was obligated and required to block the reporting of information in Plaintiff's file resulting from the identity theft.

77.    Upon information and belief, the Defendant CRAs deliberately failed to timely implement the required block pursuant to 15 U.S.C. § 1681c-2(a).

78.    Upon information and belief, the Defendant CRAs further willfully declined to block the information and/or rescinded the block without authority or investigation, and without notifying Plaintiff, in violation of 15 U.S.C. § 1681c-2(c).

79.     The Defendant CRAs' willful failure to block the reporting information in Plaintiff's file resulting from identity theft has caused Plaintiff to suffer damages including loss and reduction of credit, damage to her credit rating, increased debt and financial burden resulting from improperly imposed Fraudulent Accounts, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery, emotional distress and other actual damages, aggravated by her age.

80.     As a result of Defendant CRAs' willful conduct in violation of the FCRA, Plaintiff has been damaged and is entitled to damages pursuant to 15 U.S.C. § 1681n, including: (i) actual damages, including incurring attorneys' fees and costs; (ii) statutory damages; and (iii) punitive damages.

## COUNT IV
**Negligent Failure to Block Information Resulting from Identity Theft**
**(15 U.S.C. §§ 1681c-2, 1681o)**
*As To The Defendant CRAs*

81.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

82.     Upon receipt of the Notice of Dispute, each of the Defendant CRAs was obligated and required to block the information reporting in Plaintiff's credit file resulting from the identity theft.

83.     Upon information and belief, Defendants CRAs negligently failed to timely implement the required block pursuant to 15 U.S.C. § 1681c-2(a).

84.     Upon information and belief, Defendants CRAs further negligently declines to block the information and/or rescinded the block without authority or investigation, and without notifying Plaintiff, in violation of 15 U.S.C. § 1681c-2(c).

85.     Defendant CRAs' negligent failure to block the reporting of information in Plaintiff's file resulting from identity theft has caused Plaintiff to suffer damages including loss and reduction of credit, damage to her credit rating, increased financial burden resulting improperly imposed Fraudulent Accounts, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery, emotional distress, and other actual damages.

86.     As a result of Defendant CRAs' negligent conduct in violation of the FCRA, Plaintiff has been damaged and is entitled to damages pursuant to 15 U.S.C. § 1681o, (i) actual damages, including incurring attorneys' fees and costs; and (ii) statutory damages.

**COUNT V**
**Willful Failure to Assure Accuracy of Consumer Information in Credit Report**
**(15 U.S.C. §§ 1681e(b), 1681n)**
*As To The Defendant CRAs*

87.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

88.     "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

89.     Defendant CRAs each received Plaintiff's Notice of Dispute demonstrating that Plaintiff was the victim of identity theft, and evidence that Plaintiff's credit report contained inaccurate information.

90.     Despite receipt of the foregoing, Defendant CRAs deliberately failed and refused to undertake a reasonable investigation to ensure the accuracy of reported information concerning Plaintiff's Fraudulent Accounts.

91.     Although the information Plaintiff provided should have been sufficient to verify that the disputed information in Plaintiff's credit report was inaccurate, Defendant CRAs failed

and refused to properly review it, and further failed and refused to contact Plaintiff or Furnisher Defendants for any additional information that would assist in a reasonable investigation.

92.    Accordingly, the Defendant CRAs' continued producing credit reports for Plaintiff containing inaccurate and damaging credit information, causing Plaintiff to suffer damages including loss and reduction of credit, damage to her credit rating, increased financial burden resulting from improperly imposed Fraudulent Accounts, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery, emotional distress, and other actual damages.

93.    The Defendant CRAs' failure to follow reasonable procedures to assure maximum possible accuracy of the information in their reports was malicious, intentional, reckless, and willful.

94.    As a result of the Defendant CRAs' willful conduct in violation of the FCRA, Plaintiff has been damaged and is entitled to damages pursuant to 15 U.S.C. § 1681n, including: (i) actual damages, including incurring attorneys' fees and costs; (ii) statutory damages; and (iii) punitive damages.

## <u>COUNT VI</u>
**Willful Failure to Assure Accuracy of Consumer Information in Credit Report**
**(15 U.S.C. §§ 1681e(b), 1681n)**
***As To Defendant CRAs***

95.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

96.    "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

97.    Defendant CRAs each received Plaintiff's Notice of Dispute demonstrating that Plaintiff was the victim of identity theft, and evidence that Plaintiff's credit report contained inaccurate information.

98.    Despite receipt of the foregoing, Defendant CRAs deliberately failed and refuse to undertake a reasonable investigation to ensure the accuracy of reported information concerning Plaintiff Fraudulent Account.

99.    Although the information Plaintiff provided should have been sufficient to verify that the disputed information in Plaintiff's credit report was inaccurate, Defendant CRAs failed and refused to properly review it, and further failed and refused to contact Plaintiff or Furnisher Defendants for any additional information that would assist in a reasonable investigation.

100.    Accordingly, Defendant CRAs continued producing credit reports for Plaintiff containing inaccurate and damaging credit information, causing Plaintiff to suffer damages including loss and reduction of credit, damage to her credit rating, increased financial burden resulting from improperly imposed Fraudulent Accounts, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery , emotional distress, and other actual damages.

101.    Defendant CRAs' failure to follow reasonable procedures to assure maximum possible accuracy of the information in their reports was malicious, intentional, reckless, and willful.

102.    As a result of Defendant CRAs' willful conduct in violation of the FCRA, Plaintiff has been damaged and is entitled to damages pursuant to 15 U.S.C. § 1681n, including: (i) actual damages, including incurring attorneys' fees and costs; (ii) statutory damages; and (iii) punitive damages.

### COUNT VII
**Negligent Failure to Assure Accuracy of Consumer Information in Credit Report**
**(15 U.S.C. §§ 1681e(b), 1681o)**
*As To The Defendant CRAs*

103.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully set for herein.

104.    Despite receipt of evidence that Plaintiff's credit report contained inaccurate information, Defendant CRAs failed to establish and follow reasonable procedures to promptly investigate and ensure the accuracy of reported information concerning Plaintiff's Fraudulent Account.

105.    Accordingly, Defendant CRAs continued producing credit reports for Plaintiff containing inaccurate and damaging credit information, causing Plaintiff to suffer damages including loss and reduction of credit, damage to her credit rating, increased debt and financial burden resulting from improperly imposed Fraudulent Accounts, interest, and late charges, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery, emotional distress, and other actual damages.

106.    As a result of Defendant CRAs' negligent conduct in violation of the FCRA, Plaintiff has been damaged and is entitled to damages pursuant to 15 U.S.C. § 1681o, including: (i) actual damages, including incurring attorneys' fees and costs; and (ii) statutory damages.

### COUNT VIII
**Willful Failure to Assure Accuracy of Consumer Information in Credit File**
**(15 U.S.C. §§ 1681i, 1681n)**
*As To The Defendant CRAs*

107.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

108.    "[I]f the completeness or accuracy of any item of information contained in a consumer's file at aa consumer reporting agency is disputed by the consumer and the consumer

notifies the agency… of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file…" 15 U.S.C. § 1681i(a)(1)(A).

109. This investigation must be completed within thirty (30) days of Defendant CRA's receipt of the Notice of Dispute.

110. Defendant CRAs must also provide notice of the dispute to Furnisher Defendants within five (5) business days of receipt.

111. "In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information." 15 U.S.C. § 1681i(a)(4).

112. Within five (5) business days of completing a reinvestigation, a CRA must provide the consumer with written notice of the results and additional statutory notices.

113. Upon receipt of Plaintiff's Notice of Dispute, Defendant CRAs deliberately failed and refused to undertake the required reinvestigation of Plaintiff's credit file, and to ensure the accuracy of reported information concerning Plaintiff's Fraudulent Accounts.

114. Although the information Plaintiff provided should have been sufficient to verify that the disputed information in Plaintiff's credit file was inaccurate, Defendant CRAs failed and refused to properly review it, and further failed and refused to contact Plaintiff for any additional information that would assist in a reasonable investigation.

115. Upon information and belief, Defendant CRAs deliberately failed to provide Plaintiff with written notice of the results of the investigation, or any of the additional required statutory notices, in violation of 15 U.S.C. § 1681i.

116.    Defendant CRAs further deliberately failed to correct inaccurate and damaging credit information contained in Plaintiff's credit file, causing Plaintiff to suffer damages including loss and reduction of credit, damage to her credit rating, increased debt and financial burden resulting from improperly imposed Fraudulent Accounts, interest, and late charges, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery, emotional distress, and other actual damages.

117.    Defendant CRAs' failure to follow reasonable procedures to assure maximum possible accuracy of the information in their credit files was malicious, intentional, reckless, and willful.

118.    As a result of Defendant CRAs' willful conduct in violation of the FCRA, Plaintiff has been damaged and is entitled to damages pursuant to 15 U.S.C. § 1681n, including: (i) actual damages, including incurring attorneys' fees and costs; (ii) statutory damages; and (iii) punitive damages.

<u>**COUNT X**</u>
**Negligent Failure to Assure Accuracy of Consumer Information in Credit File**
**(15 U.S.C. §§ 1681i, 1681o)**
*As To The Defendant CRAs*

119.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

120.    Upon receipt of Plaintiff's Notice of Dispute, Defendant CRAs had a duty to undertake the required reinvestigation of Plaintiff's credit file, and to ensure the accuracy of reported information concerning Plaintiff's Fraudulent Accounts.

121.    Defendant CRAs failed to investigate Plaintiff's dispute or to properly consider the information Plaintiff submitted in connection with the dispute, and further failed and refused to

contact Plaintiff, or Furnisher Defendants, for any additional information that would assist in a reasonable investigation.

122.    Defendant CRAs further failed to correct inaccurate and damaging credit information contained in Plaintiff's credit file, or to provide Plaintiff with written notice of the results and additional required statutory notices, in violation of 15 U.S.C. § 1681i.

123.    Defendant CRAs' failure to follow reasonable procedures to assure maximum possible accuracy of the information in their credit files, and failure to correct inaccurate and damaging credit information contained in Plaintiff's credit file, has caused Plaintiff to suffer damages including loss and reduction of credit, damage to her credit rating, increased debt and financial burden resulting from improperly imposed Fraudulent Accounts, interest, and late charges, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery, emotional distress, and other actual damages.

124.    As a result of Defendant CRAs' negligent conduct in violation of the FCRA, Plaintiff has been damaged and is entitled to damages pursuant to 15 U.S.C. § 1681o, including: (i) actual damages, including incurring attorneys' fees and costs; and (ii) statutory damages.

<u>**COUNT XI**</u>
**Failure to Investigate and Resolve Consumer Dispute**
**(Fair Credit Billing Act, 15 U.S.C. § 1666, *et seq*.)**
***As To All Defendants***

125.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

126.    Pursuant to the Fair Credit Billing Act ("FCBA"), if a consumer disputes any item of information contained in their credit file or billing statement, and such dispute is directly conveyed to the creditor or consumer reporting agency, the creditor or consumer reporting agency

must promptly investigate the dispute review the information provided, and correct any inaccuracies or errors, unless the dispute is deemed frivolous or irrelevant.

127.    Specifically, if after conducting the re-investigation, the creditor or consumer reporting agency cannot verify the disputed information, or confirm an error, the creditor or reporting agency must:

    a.    Promptly expunge the erroneous item and otherwise correct the file.

    b.    Refrain from reporting the disputed item in subsequent consumer reports.

    c.    Clearly and conspicuously disclose to the consumer their rights, including their right to request a notification of the outcome of the investigation.

128.    In addition, the FCBA mandates that, if any item disputed and reinvestigated is found to be in error or cannot be verified, the creditor or consumer reporting agency must promptly provide the consumer with a corrected copy of the credit report or billing statement, reflecting the changes, at no charge to the consumer.

129.    Upon receiving Plaintiff's Notice of Dispute regarding the Fraudulent Account opened under her name, Defendants were obligated to investigate Plaintiff's claims, notify Plaintiff of the results of the investigation, and fulfill any additional requirements of the FCBA.

130.    Despite receiving Plaintiff's Notice of Dispute, Defendants failed to undertake any meaningful investigation into Plaintiff's claims, failed review the information provided in connection with the dispute and failed to correct the fraudulent or inaccurate information contained in Plaintiff's credit file.

131.    Furthermore, Defendants failed to notify Plaintiff of the results of their investigation, as no such investigation ever occurred.

132.    As a result of Defendants' conduct, Plaintiff has suffered substantial damages, including but not limited to: (a) loss and reduction of credit, (b) damage to her credit rating, (c)

increased debt and financial burden from improperly imposed Fraudulent Accounts, interest and late charges, (d) the cost of hiring professionals, including attorneys, to assist with credit recovery related to the Fraudulent Accounts, (e) emotional distress and harm to her reputation aggravated with her age and racial identifiers, and (f) other actual damages resulting from the improper handling of her case.

**WHEREFORE**, Plaintiff respectfully demands judgment awarding all actual, statutory, and/or punitive damages, recovery of attorneys' fees and costs, and any other relief available pursuant to applicable law.

Dated: Brooklyn, New York
      March 17, 2025

                         **PETROFF AMSHEN LLP**
                         *Attorneys for Plaintiff,*
                         Berelette Tribbett

                         */s/ Serge F. Petroff*
                         Serge F. Petroff, Esq.
                         1795 Coney Island Avenue, Third Floor
                         Brooklyn, New York 11230
                         Telephone: (718) 336-4200
                         Email: spetroff@petroffamshen.com